IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| JAN WERNER, JOHN WERNER, et al., ) | |
| ) | |
| Plaintiff, ) | Case No. CV05-209-S-EJL |
| ) | |
| vs. ) | ORDER |
| ) | |
| WESLEY BARTON, THOMAS BARTON, et al., ) | |
| ) | |
| Defendants. ) | |

Pursuant to 28 U.S.C. § 1446(a), the Defendants recently removed this action from state court and invoked this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332. The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand.[1] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Where, as here, the complaint filed in state court does not specify damages in excess of the required federal jurisdictional limit, "it is not facially evident from the complaint that the controversy involves more than $75,000." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1091 (9th Cir. 2003); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). Accordingly, the removing defendant must set forth "in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." Gaus, 980 F.2d at 567 (emphasis in original); see also Wilson v. Union Security Life Ins. Co., 250 F. Supp. 2d 1260, 1261-63 (D. Idaho 2003).

---

[1] This Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.1998) ( "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . ."); Snell v. Cleveland, Inc., 316 F.3d 822, 824, 826 (9th Cir. 2002) (explaining that a "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time").

ORDER - Page 1
05ORDERS\Wermer_remand.WPD

In this instance, the Defendants have failed to make the necessary showing. In the Notice of Removal, the Defendants merely allege that the "amount of controversy is in excess of $75,000.00" (Notice of Removal at 2). Defendants, however, "offered no facts whatsoever to support the court's exercise of jurisdiction." Gaus, 980 F.2d at 567. The mere allegation of a jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendants'] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $[75,000]." Id.; see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 n.5 (9th Cir. 1996).

Because removal jurisdiction "cannot be based simply upon conclusory allegations," this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376-77 (9th Cir. 1997) (explaining that "where the plaintiff does not claim damages in excess of $[75,000] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds $[75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that the above-entitled action is remanded to the district court of the Fifth Judicial District of the State of Idaho, In and For the County of Jerome, No. CV 2004-1549 and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED: **June 13, 2005**

Honorable Edward J. Lodge
U. S. District Judge